## William A. Etnyre, Appellee, v. Froila R. Artz, Appellant.

### Gen. No. 5162.

INSTRUCTIONS—*when erroneous will not reverse.* Held, that the use of the words "proximate cause" in the instruction complained of in this case, was clearly an oversight, and though improper would not reverse because of the fact that the correct rules of law governing the case were frequently laid down in other given instructions.

Assumpsit. Appeal from the Circuit Court of Ogle county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909. Rehearing denied April 6, 1910.

WILLIAM P. FEARER, for appellant; J. C. SEYSTER of counsel.

BAXTER and WIRICK, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee sued appellant for commissions claimed to have been earned in the sale of land for appellant, and recovered a verdict and a judgment for $160, from which judgment defendant below prosecutes this appeal.

The sale was in June 1905. The proof for appellee tended to show that about the first of May, 1904, appellant listed his farm for sale with appellee and authorized appellee to charge $70 per acre, but stated that he only wanted $65 per acre for himself; that appellee thereafter showed the premises to various parties, including William T. Williams, but that Williams decided that he had all the land he wanted; that in the spring of 1905, Williams went directly to appellant and had a number of conversations with appellant about buying a part of this land, but they came to no terms because appellant desired to sell the entire farm; that in the summer of 1904, appellant had authorized appellee to cut the farm and sell 160 acres, if he found any purchaser to whom he could make a sale in that way; that in the spring of 1905, appellee heard that Williams had been to see another farm and that Williams had arranged for a sale of his own farm and appellee then met Williams and asked him why he did not buy appellant's farm, and commended its superior qualities to Williams, and Williams said he would buy it if appellant would divide it to suit him; that appellee replied that he had the sale of the farm and had authority to divide it to suit a purchaser; that Williams replied that if that was so, he would buy the farm; that they then started to see appellant, who was not far away, Williams going to his horse and buggy and appellee walking to where appellant was at work in town; that appellee then told appellant that he believed he had a man to take the farm and named Williams to him; that Williams came and asked appellant if he would cut off a certain forty acres

and appellant replied that he would; that Williams then said he wanted to go down and look it over, and would go that afternoon, and he went away, and appellee then said to appellant, "I believe he is going to take your farm," and asked appellant if it was necessary for him, appellee, to go to the farm, and appellant replied that he did not think it was; and that on that day a sale was closed and Williams bought 167 acres at $70 per acre. If this testimony was true, the verdict ought to stand. Appellant's proof tended to show that it was several years before this that he put the farm in appellee's hands to sell; that he did not put it in his hands in 1904; that appellee did not talk with Williams about it in 1904 and did nothing tending to bring about the sale in 1905. If this proof was true, appellee ought not to recover. The proof was very conflicting on many points. We do not think we should encumber this opinion with the details of the conflicting testimony. The jury believed appellee and his witnesses. The trial judge approved their conclusion. The proof is in such a condition that a verdict either way, so approved, ought to stand.

It is argued that the court erred in modifying the first instruction given for appellant by adding thereto these words: "unless you further believe from the evidence in the case that the defendant engaged the plaintiff to sell said farm for him, and that such speaking of said Etnyre to said Williams and said Artz was the proximate cause of said sale." The use of the words "proximate cause" was evidently an oversight on the part of the court, and standing alone they were inapplicable to the case and might be misunderstood by the jury. But the correct rules of law governing the case were so frequently laid down in other given instructions that we are of opinion that the use of these words in the modification did not influence the action of the jury. We have considered the objections argued against the other instructions and are of

opinion that when all the instructions are read as a series, the jury were properly instructed.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*